SARAH McNALLY *vs.* ELIZUR SMITH.

No action at common law lies, in this commonwealth, against a mill-owner for flowing the land of another, although there is a dwelling-house thereon, and the water is set back into the cellar, and thereby renders the house unhealthy and untenantable, and creates a nuisance.

TORT. The declaration alleged that the plaintiff was the owner of a lot of land, with a dwelling-house thereon, bordering upon the Housatonic River; that the defendant being the owner of a mill and dam across the river, near the plaintiff's house, raised his dam and thereby caused the water to flow back upon the plaintiff's house, filling the cellar with stagnant and unwholesome water, and rendering the house untenantable and unhealthy, creating noisome and pestilential miasms, corrupting the air and rendering the house and lot of no use or value to the plaintiff, and creating a nuisance to her.

The defendant filed a general demurrer, which was sustained in the superior court, and judgment thereon rendered for the defendant. The plaintiff appealed to this court.

*H. W. Bishop*, for the plaintiff. This case does not come within the mill acts. Those acts give no right to create a nuisance, or render a dwelling-house pestilential. The damages to be recovered on a complaint for flowing are limited to the injury done to the land. The mill acts are in derogation of the common law and should be construed strictly. Being so construed, they give no remedy for the injury here complained of. *Eames* v. *New England Worsted Co.* 11 Met. 570. *Cotton* v. *Pocasset Manuf. Co.* 13 Met. 429. *Palmer Co.* v. *Ferrill*, 17 Pick. 58.

*M. Wilcox*, for the defendant.

CHAPMAN, J. It appears by the declaration that the defendant had a right to erect his dam and flow the plaintiff's land, under the statute for the regulation of mills; Gen. Sts. *c.* 149; and therefore that this action does not lie. *Stowell* v. *Flagg*, 11 Mass. 364.

The fact that there was a dwelling-house upon the land does not exempt the land from being flowed. The second section of the statute, exempting certain lands, does not include such a case.

The allegations as to the nuisance created by the water do not take the case out of the statute. For the nuisance alleged is a direct consequence of the flowing, and all damages for such nuisance can be recovered under the process provided by the statute. The case as stated in the declaration is unlike that of *Eames* v. *New England Worsted Co.* 11 Met. 570. In that case the alleged nuisance was not directly caused by the flowing, but consisted of noxious and offensive smells proceeding from the land flowed, when not covered by water, by means of which certain uplands of the plaintiff, not reached or affected by the water, were rendered less valuable as building lots. This was held to be too remote to be within the scope of the mill acts. The distinction between that case and this is obvious.

*Demurrer sustained.*